IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**OFFICE DEPOT, INC.** a Delaware
Corporation, and **THE OFFICE CLUB, INC.**,
a California Corporation,

        Plaintiffs,

Case No.:

v.

**ELEMENTUM LTD.**, f/k/a **ELEMENTUM
SCM (CAYMAN) LTD.**, a Foreign Limited
Partnership,

        Defendant.
_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND RELATED CLAIMS
INJUNCTIVE RELIEF SOUGHT**

Plaintiffs, Office Depot, Inc. and The Office Club, Inc. (hereinafter collectively "Plaintiffs" or "Office Depot"), by and through undersigned counsel, hereby sue Defendant, Elementum LTD, f/k/a Elementum SCM (Cayman) LTD. (hereinafter "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

This is an action for trademark infringement, unfair competition, and misappropriation of likeness arising from Defendant's unauthorized use of (1) Office Depot's longstanding and federally registered **OFFICE DEPOT** trademarks; and (2) the commercial likeness of Office Depot's Chief Executive Officer, Mr. Gerry Smith (hereinafter "Mr. Smith"). Defendant is using the **OFFICE DEPOT** Trademarks (defined below) and Mr. Smith's likeness to falsely suggest that Office Depot sponsors and/or endorses Defendant's products and services. Defendant's conduct is unlawful and must be enjoined.

≡ BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
*t:* (954) 525-9900 | *f:* (954) 523-2872 | WWW.BERGERSINGERMAN.COM

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over Office Depot's claims for federal trademark infringement and federal unfair competition under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 in that said claims arise under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq. This court has supplemental jurisdiction over Office Depot's claims for common law unfair competition, common law misappropriation of likeness, and violation of Fla. Stat. §540.08 pursuant to 28 U.S.C. §1376(a).

2. This Court has personal jurisdiction over Defendant in that it does business in the State of Florida and in this District. Defendant purposefully availed itself to the State of Florida when it contracted to provide software-related services for Office Depot, having visited Office Depot's headquarters in Florida on numerous occasions.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

**THE PARTIES**

4. Plaintiff Office Depot, Inc. is a corporation organized and existing under the laws of the state of Delaware and has offices at 6600 North Military Trail, Boca Raton, Florida 33496. Office Depot, Inc., is a leading business-to-business ("B2B") integrated distribution company providing business services and supplies, products, and technology solutions to companies of all sizes.

5. Plaintiff The Office Club, Inc. is a corporation organized and existing under the laws of the state of California and has offices at 6600 North Military Trail, Boca Raton, Florida 33496. The Office Club, Inc. is a wholly owned subsidiary of Office Depot, Inc. and is its intellectual property holding company.



350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

6. Upon information and belief, Defendant is a foreign limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business located at 1300 Terra Bella Avenue, Suite 200, Mountain View, California 34043. Upon information and belief, Defendant is in the business of offering supply chain automation software and related products and services.

### FACTS COMMON TO ALL COUNTS

7. Office Depot offers a comprehensive set of business products and services including office supplies and technology solutions. Office Depot provides its services and sells products to small, medium, and enterprise businesses through its fully integrated omni-channel platform of approximately 1,400 stores, its online presence, and its dedicated sales professionals and technicians. (hereinafter the "Office Depot Services"). Office Depot has over 44,000 employees.

8. Since 1986, Office Depot has continuously used the name and trademark **OFFICE DEPOT** in the United States in connection with the Office Depot Services. In addition to the **OFFICE DEPOT** word mark, Office Depot uses certain stylized marks and logos incorporating **OFFICE DEPOT** (hereinafter collectively the "**OFFICE DEPOT** Trademarks").

9. Office Depot is the owner of the following United States Trademark Registrations covering the **OFFICE DEPOT** Trademarks (hereinafter collectively the "**OFFICE DEPOT** Registrations"):

| Mark<br>U.S. Reg. No. | Goods/Services | Registration Date | Date of First Use in Commerce |
|---|---|---|---|
| **OFFICE DEPOT**<br><br>(Reg. No. 1,449,065) | Retail office supply store services | July 21, 1987 | October 9, 1986 |

3

| Mark U.S. Reg. No. | Goods/Services | Registration Date | Date of First Use in Commerce |
|---|---|---|---|
|  |  |  |  |
| **OFFICE DEPOT** (Reg. No. 1,939,705) | Printed matter including catalogs for office supplies, business machines, and furniture | December 5, 1995 | December 31, 1986 |
| **OFFICE DEPOT** (Reg. No. 2,659,506) | Printed matter, namely, magazines, newsletters, pamphlets, brochures, flyers and catalogs for office supplies, business machines and office furniture | December 10, 2002 | December 31, 1986 |
| Office DEPOT (Reg. No. 3,105,571) | Retail and on-line retail store services featuring office supplies, office machines and office furniture | June 20, 2006 | January 31, 2002 |

A true and correct copy of the U.S. Patent & Trademark Office ("USPTO") Certificates of Registration for the **OFFICE DEPOT** Registrations are attached hereto as Exhibit A.

10. Office Depot owns other federal trademark registrations for the **OFFICE DEPOT** Trademarks including U.S. Reg. Nos. 3,546,376; 4,411,400; 4,451,866; 4,481,660; 4,485,410; 5,011,498; and 5,282,342.

11. The **OFFICE DEPOT** Registrations are valid, subsisting, and in full force and effect, and therefore, pursuant to 15 U.S.C. § 1057(c), confer to Office Depot a nationwide right of

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

exclusive use of the **OFFICE DEPOT** Trademarks or any mark likely to cause confusion with these marks in connection with the services specified in the registration.  The **OFFICE DEPOT** Registrations are incontestable pursuant to 15 U.S.C. § 1065.

12. The relevant consuming public has come to recognize the **OFFICE DEPOT** Trademarks as identifying the Office Depot Services.  Since at least as early as October 1986, Office Depot has engaged in extensive advertising and promotion of the **OFFICE DEPOT** Trademarks to identify the Office Depot Services.  Office Depot spends approximately $270 million annually on advertising and marketing.  Office Depot has an integrated marketing campaign that includes online, print, and multimedia advertising and promotion.  To that end, Office Depot extensively markets, promotes, offers for sale, and sells its products and services through its Internet website located at www.officedepot.com.  A true and correct screenshot of Office Depot's website homepage is attached as Exhibit B.

13. The strong public recognition of the **OFFICE DEPOT** Trademarks is further evidenced by the company's extensive sales.  For the 2018 fiscal year, Office Depot's reported revenue exceeded $11 Billion.  Most of these sales were made under the **OFFICE DEPOT** Trademarks.

14. Accordingly, the **OFFICE DEPOT** Trademarks are famous and widely recognized by members of the relevant consuming public as the source of the Office Depot Services and Office Depot has developed substantial goodwill in connection with the **OFFICE DEPOT** Trademarks.

15. Mr. Smith has been the Chief Executive Officer of Office Depot since February 2017.  Mr. Smith regularly appears in interviews and public relations matters on behalf of Office Depot in order to promote the Office Depot Services and enhance its reputation in the marketplace.

16. Office Depot is authorized in writing to license and enforce the commercial use of

5

**☰ BERGER SINGERMAN**

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

Mr. Smith's name and likeness.

## **DEFENDANT'S WRONGFUL ACTS**

17. Based on information and belief, Defendant's software business began operations some time in 2014.

18. Defendant prominently displays and advertises its software products and services through its Internet website located at www.elementum.com. A true and correct copy of Defendant's homepage is attached as Exhibit C.

19. Based upon information and belief, Defendant offers its software and related products and services throughout the United States, including in Florida.

20. In August 2017, Office Depot engaged Defendant to provide certain products and services, including a license for supply chain management software, the development of a supply chain "situation room," and related implementation, deployment, and training services.

21. As part of Office Depot's engagement with Defendant, the parties agreed that any joint publicity and marketing efforts would always be subject to Defendant's compliance with Office Depot's Trademark Usage Policy (the "Trademark Policy").

22. The Trademark Policy expressly states that "[t]he Office Depot Trademarks may not be used in any manner that express or might imply Office Depot's affiliation, sponsorship, endorsement, certification, or approval, of any third-party product or service" and that "[t]he Office Depot Trademarks may not be used in any a [*sic*] false, misleading, derogatory, or otherwise defamatory manner."

23. During the initial stages of the relationship between Office Depot and Defendant, Office Depot permitted Defendant to identify Office Depot as a customer via its website. Defendant created "testimonial" pages on its website which include the name and/or photograph of Mr. Smith

alongside a stylized version of one of the **OFFICE DEPOT** Trademarks. A true and correct and correct screen shot of one such example from Defendant's website, found at www.elementum.com/supply-chain-customers, is attached as Exhibit D.

24. In early 2019, despite Office Depot having paid Defendant in excess of $6,000,000.00 for initial implementation, deployment, and license fees, Defendant began missing material milestones at an increasing rate. It also became apparent that Defendant's software was not meeting promised specifications. Defendant later stated that it was "undergoing a major restructuring" and represented that the resources that were assigned to the Office Depot project were no longer with the company.

25. As a result of Defendant's failure to perform, on July 12, 2019, Office Depot wrote to Defendant demanding, among other things, that Defendant immediately:

> (1) cease and desist from using any Office Depot trademarks on its website and in any other part of its business where they may be displayed, (2) cease and desist from using any and all images and/or videos of [Mr. Smith], or the likeness of any other Office Depot Employee, on its website or in any other part of its business where they may be displayed, and (3) cease and desist from stating or implying that Office Depot endorses Elementum in any way.

A true and correct copy of the July 12, 2019 letter is attached as Exhibit E.

26. Defendant has not responded to the July 12, 2019 letter and has not removed the **OFFICE DEPOT** Trademarks or the name, portrait, photograph, and likeness of Mr. Smith from its website.

27. Defendant without authorization is using the **OFFICE DEPOT** Trademarks to create a false and misleading impression that Office Depot is affiliated with or sponsors and endorses Defendant and its products and services. Such use has caused and is likely to cause confusion, mistake, and deception of consumers as to the sponsorship of Defendant's services.

28. Defendant without consent is using the name, portrait, photograph, and likeness of

7

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

Mr. Smith to create a false and misleading impression that Office Depot and/or Mr. Smith is affiliated with or sponsors and endorses Defendant and its products and services. Such use violates Mr. Smith's right of publicity, which Office Depot has exclusive right to license and enforce.

29. Defendant has full knowledge of Office Depot's exclusive rights in the **OFFICE DEPOT** Trademarks and Mr. Smith's right of publicity. Defendant has acted in willful and intentional disregard thereof with the specific intent to deceive and mislead consumers as to the affiliation and sponsorship of the products and services offered by Defendant.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. §1114(1)

Office Depot repeats and incorporates each and every allegation in paragraphs 1 through 29, as if fully stated herein.

30. Office Depot has priority in and to the **OFFICE DEPOT** Trademarks, having used the trademarks for nearly thirty-five years prior to Defendant's unauthorized use of same.

31. Office Depot has senior, superior, valid, and enforceable rights in and to the federally-registered **OFFICE DEPOT** Trademarks.

32. Defendant is using the stylized "Office Depot" name and trademark which is identical or virtually identical to Office Depot's federally-registered **OFFICE DEPOT** Trademarks in a manner that falsely suggests Office Depot is affiliated with or sponsors and endorses Defendant and Defendant's products and services. Such use has caused and is likely to cause confusion or mistake or to deceive persons into the erroneous belief that Defendant's products and services are authorized, sponsored by, or connected in some way with Office Depot.

33. Defendant has acted with full knowledge of Office Depot's rights and priority in and to the **OFFICE DEPOT** Trademarks and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Office Depot.

BERGER SINGERMAN
350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

34. Defendant's unlawful acts are not authorized or licensed by Office Depot.

35. Defendant's acts constitute infringement of Office Depot's federally registered **OFFICE DEPOT** Trademarks in violation of Section 32(1) of the Lanham Act, as amended, 15 U.S.C. § 1114(1).

36. By reason of the acts of Defendant herein alleged, Office Depot has suffered and, unless Defendant is restrained from continuing its wrongful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

Office Depot repeats and incorporates each and every allegation in paragraphs 1 through 29, as if fully stated herein.

37. Office Depot has priority in and to the **OFFICE DEPOT** Trademarks, having used the trademarks for nearly thirty-five years prior to Defendant's unauthorized use of same.

38. Office Depot has senior, superior, valid, and enforceable rights in and to the **OFFICE DEPOT** Trademarks.

39. Defendant is using the stylized "Office Depot" name and trademark which is identical or virtually identical to Office Depot's **OFFICE DEPOT** Trademarks, in a manner that falsely suggests that Office Depot is affiliated with or sponsors and endorses Defendant and Defendant's products and services.

40. Defendant's acts have caused and are likely to cause confusion or mistake or deceive the public and potential and actual customers into believing that Defendant's products and services are affiliated with, sponsored by, or somehow connected with Office Depot.

41. Defendant falsely represents to the public that the Defendant's products and services

9

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

are authorized, endorsed, sponsored, or otherwise approved by Office Depot.

42. Defendant has acted with full knowledge of Office Depot's rights in and to the **OFFICE DEPOT** Trademarks and with the intent to cause confusion or mistake or to deceive the public.

43. By continuing to use the name and trademark "Office Depot" and related logo, Defendant is trading upon the valuable goodwill which has been developed by Office Depot through years of advertising, promoting, and using the **OFFICE DEPOT** Trademarks.

44. Defendant's unlawful acts were not authorized or licensed by Office Depot.

45. Defendant's unlawful acts constitute unfair competition, false designation of origin and false description in violation of 15 U.S.C. § 1125(a).

46. Office Depot has been, and will be, irreparably damaged by Defendant's false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with Defendant in the mistaken belief that Defendant's products and services are authorized, endorsed, sponsored by or otherwise approved by Office Depot. Office Depot has suffered and, unless Defendant is restrained from continuing the wrongful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

Office Depot repeats and incorporates each and every allegation in paragraphs 1 through 29, as if fully stated herein.

47. Office Depot has priority in and to the **OFFICE DEPOT** Trademarks, having used the trademarks for nearly thirty-five years prior to Defendant's unauthorized use of same.

48. Office Depot has senior, superior, valid, and enforceable rights in and to the **OFFICE DEPOT** Trademarks.

BERGER SINGERMAN
350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

49. Defendant is using the stylized "Office Depot" name and trademark which is identical or virtually identical to Office Depot's **OFFICE DEPOT** Trademarks, in a manner that falsely suggests that Office Depot is affiliated with or sponsors and endorses Defendant and Defendant's products and services.

50. Defendant's acts have caused and are likely to cause confusion or mistake or deceive the public and potential and actual customers into believing that Defendant's products and services are affiliated with, sponsored by, or somehow connected with Office Depot.

51. Defendant falsely represents to the public that Defendant's products and services are authorized, endorsed, sponsored, or otherwise approved by Office Depot.

52. Defendant has acted with full knowledge of Office Depot's rights in and to the **OFFICE DEPOT** Trademarks and with the intent to cause confusion or mistake or to deceive the public.

53. By continuing to use the stylized "Office Depot" name and trademark, Defendant is trading upon the valuable goodwill which has been developed by Office Depot through years of advertising, promoting, and using the **OFFICE DEPOT** Trademarks.

54. Defendant's unlawful acts were not authorized or licensed by Office Depot.

55. Defendant's unlawful acts constitute unfair competition, false designation of origin and false description in violation of the common law of the State of Florida.

56. Office Depot has been, and will be, irreparably damaged by Defendant's false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with Defendant in the mistaken belief that Defendant's products and services are authorized, endorsed, sponsored by or otherwise approved by Office Depot. Office Depot has suffered and, unless Defendant is restrained from continuing the wrongful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

## COUNT IV
## UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS
## IN VIOLATION OF FLA. STAT. § 540.08

Office Depot repeats and incorporates each and every allegation in paragraphs 1 through 29, as if fully stated herein.

57. Office Depot is authorized in writing to license and enforce the commercial use of the name, portrait, photograph, or other likeness of its Chief Executive Office, Mr. Smith.

58. Defendant, without consent or authorization from Office Depot or Mr. Smith, has published and is displaying on its website the name, portrait, photograph, or other likeness of Mr. Smith for commercial or advertising purposes. Namely, Defendant without authorization is using Mr. Smith's likeness to suggest that Office Depot and/or Mr. Smith endorses or sponsors Defendant's products and services.

59. None of the exceptions set forth in Fla. Stat. § 540.08(4) apply to Defendant's unauthorized publication and display of Mr. Smith's likeness.

60. Office Depot has suffered and, unless Defendant is restrained from continuing the wrongful violation of Fla. Stat. § 540.08, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## COUNT III
## COMMON LAW INVASION OF PRIVACY
## AND MISAPPROPRIATION OF NAME AND LIKENESS

Office Depot repeats and incorporates each and every allegation in paragraphs 1 through 29, as if fully stated herein.

61. Office Depot is authorized in writing to license and enforce the commercial use of the name, portrait, photograph, or other likeness of its Chief Executive Office, Mr. Smith.

62. Defendant, without consent or authorization from Office Depot or Mr. Smith, has

BERGER SINGERMAN
350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

published and is displaying on its website the name, portrait, photograph, or other likeness of Mr. Smith for commercial or advertising purposes. Namely, Defendant is using without authorization Mr. Smith's likeness to suggest that Office Depot and/or Mr. Smith endorses or sponsors Defendant's services.

63. Office Depot has suffered and, unless Defendant is restrained from continuing the wrongful violation of Mr. Smith's right of privacy under the common law of the State of Florida, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Office Depot prays that the Court find against Defendant on all causes of action herein, and:

A. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, managers, agents, servants, employees, and attorneys, and those in active concert or participation with any of the foregoing, from:

(1) Advertising, promoting, offering for sale, or providing in any manner any goods or services in connection with or bearing the name or mark **OFFICE DEPOT**, or any mark confusingly similar to **OFFICE DEPOT**, and/or making any use of such mark or name which is confusingly similar thereto or to the **OFFICE DEPOT** Trademarks;

(2) Publishing, printing, displaying, or otherwise publicly using for purposes of trade or any commercial or advertising purpose the name, portrait, photograph, or other likeness of Mr. Smith;

(3) Representing or suggesting in any fashion to any third party that Defendant's services are affiliated with, sponsored by, or otherwise connected with Office Depot or Mr. Smith;

(4) Doing any other acts calculated or likely to cause confusion or mistake in the

13

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

mind of the public or to lead consumers into the belief that Defendant's services are authorized, sponsored, licensed, endorsed, promoted, or condoned by Office Depot or Mr. Smith, or are otherwise affiliated with or connected to Office Depot or Mr. Smith; and

(5) Otherwise competing unfairly with Office Depot;

B. Order Defendant to file with the Court and serve upon Office Depot, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in detail the form and manner in which it has complied with the preliminary and/or permanent injunction, pursuant to 15 U.S.C. § 1116(a);

C. Order that Defendant, in accordance with 15 U.S.C. §§ 1116(d) and 1118, be required to deliver up to be impounded during the pendency of this action all infringing advertising, promotional, or other materials in its possession or under its control, and to deliver up for destruction all infringing copies or materials used for reproducing or infringing the **OFFICE DEPOT** Trademarks;

D. Order Defendant to pay to Office Depot:

(1) Defendant's profits and all damages sustained by Office Depot as a result of Defendant's acts of trademark infringement;

(2) all gains, profits, and advantages derived by Defendant as a result of Defendant's acts of unfair competition; and

(3) all damages, including an amount which would have been a reasonable royalty, as a result of Defendant's misappropriation of Mr. Smith's likeness in violation of Fla. Stat. § 540.08 and Florida common law.

E. Order that Defendant be required to pay to Office Depot treble damages pursuant to 15 U.S.C. § 1117(b);

   F.  Order Defendant to pay Office Depot punitive damages in a sum to be determined at trial based on Defendant's deliberate and intentional infringement, unfair competition, and violation of Fla. Stat. § 540.08;

   H.  Enter a finding that this is an exceptional case and order that Defendant be required to pay to Office Depot the costs of this action and Office Depot's reasonable attorney's fees pursuant to 15 U.S.C. § 1117; and

   I.  Order that Office Depot be awarded such other and further relief as the Court finds just.

Dated: September 24, 2019       Respectfully submitted,

               BERGER SINGERMAN LLP
               *Attorneys for Plaintiffs*
               350 East Las Olas Boulevard, 10th Floor
               Fort Lauderdale, Florida  33301
               Main: (954) 712-5138
               Facsimile: (954) 523-2872

               By: *s/ Geoffrey Lottenberg*
                  Geoffrey Lottenberg
                  Florida Bar No. 56240
                  glottenberg@bergersingerman.com
                  P. Benjamin Zuckerman
                  bzuckerman@bergersingerman.com
                  Florida Bar No. 187143
                  drt@bergersingerman.com

9328451-3

15

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM