UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81305-Singhal/Matthewman

Office Depot, Inc.,

        Plaintiff,

v.

Elementum Ltd.,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S EXPEDITED MOTION TO COMPEL [DE 125] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [DE 106]

THIS CAUSE is before the Court on Defendant Elementum Ltd.'s Expedited Motion to Compel [DE 125], and Plaintiff Office Depot's Motion to Compel [DE 106]. This matter was referred to the undersigned by the Honorable United States District Judge Raag Singhal. *See* DE 28. The matter is fully briefed [DEs 134, 138; 123, 133], and the Court held a hearing via Zoom video teleconference ("VTC") on August 28, 2020, on Elementum's Expedited Motion to Compel. [DE 128]. The Court finds that a hearing is not necessary for the resolution of Office Depot's Motion to Compel [DE 106], as it involves just one straightforward request for production. As such, the matter is ripe for review.

## DISCUSSION

### a. Office Depot's Motion to Compel [DE 106]

In its Motion, Office Depot seeks an order compelling Elementum to produce responsive documents to Request Number 3 from its Third Set of Requests for Production of Documents, served on Elementum on June 8, 2020. [DE 106-3] Request No. 3 from the 3rd RFP seeks:

> all Documents reflecting any statement or assertion by BASF, Starbucks, Lenovo, Nordstrom, or Johnson & Johnson [all at one point customers of Elementum] that Elementum breached a Contract or that there were substantial deficiencies with Elementum's System.

On July 6, 2020, Elementum served its response to the 3rd RFP, and objected to Request No. 3 as follows:

> Elementum has already produced documents that were located after a reasonable search in which Lenovo, Starbucks, and BASF purported to identify a significant issue with Elementum's software or services. Elementum identified and produced documents from these customers based on the Court's ruling on Office Depot's motion to compel that Elementum need only produce documents from customers who complained of substantial deficiencies between January 1, 2017 and March 31, 2019. Johnson and Johnson and Nordstrom do not fall into that category, and thus documents regarding those customers are beyond the scope of what the Court found to be discoverable.

[DE 106-4]. The Order referred to by Elementum ordered that Elementum would produce documents regarding customers who complained of "substantial deficiencies" in the Elementum product between January 1, 2017 and March 30, 2019. (DE 106-3, at 30, 52; DE 59.)

Office Depot argues that discovery produced by Elementum after the March 5, 2020 Order shows that other Elementum customers made complaints of "substantial deficiencies" during the relevant timeframe, and that the documents related to these complaints have not yet been produced. Specifically:

> Johnson & Johnson complained of substantial deficiencies with Elementum's system and threatened to terminate its contract with Elementum between January 1, 2017 and March 30, 2019, and eventually terminated its contract with Elementum in September 2019. A former Elementum employee recently testified at his deposition to this effect as well.

and

> Nordstrom complained of substantial deficiencies with an Elementum software system and threatened to terminate its contract with Elementum in mid-2019, and eventually terminated its contract with Elementum in September 2019.

[DE 106].

Upon review of Office Depot's Motion, Elementum's Response, and Office Depot's Reply, it is clear to the Court that Office Depot is entitled to production of documents related to Johnson

and Johnson, but not Nordstrom.  Specifically, Office Depot has pointed to credible discovery, such as the deposition of Craig Lewis, and other documents produced by Elementum, that show that complaints of substantial deficiencies by Johnson and Johnson may have been made during the relevant timeframe.  Thus, all documents reflecting any statement or assertion by Johnson and Johnson that Elementum breached its contract therewith or that there were substantial deficiencies with its systems must be produced forthwith and in no event later than September 21, 2020. Office Depot's Motion to Compel is **GRANTED IN PART** to this extent.

However, regarding Nordstrom, Office Depot has not even alleged that any discovery produced indicated that complaints were made within the relevant timeframe of January 1, 2017 to March 30, 2019. Instead, Office Depot vaguely states that complaints were made by Nordstrom "in mid-2019" and that the contract with Elementum was terminated in September 2019, which is after the relevant timeframe.  The Court will not attempt to divine what Office Depot means by "mid-2019" is, but instead finds that Office Depot has not established any entitlement for relief on the face of the Motion, or a basis to expand the timeframe already specific in this Court's prior ruling on the subject.  Thus, Office Depot's Motion to Compel is **DENIED IN PART** to this extent.

    b. **Elementum's Expedited Motion to Compel [DE 125]**

In its Motion, Elementum seeks to compel Office Depot to produce for deposition five Non-Executive Current Members and two Non-Executive Former Members of Office Depot's Board of Directors. Elementum argues that the Board Member depositions are needed to discover relevant information regarding Office Depot's Fraud Claim, alleged in the Third Amended Complaint [DE 102, paragraphs 73-77]. This claim alleges that Elementum provided slides which contained fraudulent statements on July 17, 2017, for a presentation by the CEO to the Office Depot Board of Directors.  This allegedly fraudulent information was allegedly intended to convince the Board to support entering into a contract with Elementum.

3

In its Response [DE 134], Office Depot argues that the depositions are burdensome, harassing, unnecessary, and that they would run afoul of the apex doctrine. Office Depot argues that the slides were provided to the CEO of Office Depot, who Elementum is already scheduled to depose on September 9, 2020. Office Depot also argues that the fraud claim in the TAC doesn't allege that the Board Members relied on the presentation, or that their approval was even required for Office Depot's entry into the Elementum contract. Finally, Office Depot argues that Elementum has made no showing that "other less intrusive means" such as written discovery, is available. To the contrary, Office Depot argues that written discovery already produced has addressed the fraud claim, including "the identification of who at Office Depot relied upon the fraudulent statements."

    c. **Analysis of Elementum's Expedited Motion to Compel [DE 125], Office Depot's Response [DE 134] and the arguments made at the August 28, 2020 hearing**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1). However, Rule 26(b) allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 15–2599–MD–Moreno, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, 2075 *Year–End Report on the Federal Judiciary 6* (2015)); *Reuter v. Physicians Cas. Risk Retention Group*, No. 16-80581-CV, 2017 WL 395242, (S.D. Fla. 2017). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701-ORL-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

Moreover, a party seeking to depose a high-ranking corporate officer has the burden to demonstrate that the executive:

(1) has unique, non-repetitive, first-hand knowledge of the facts at issue; and

(2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success."

*Hickey v. North Broward Hosp. Dist.*, 2014 WL 7495780, at *2 (S.D. Fla. Dec. 17, 2014); *see also Sun Capital Partners v. Twin City Fire Insurance Co.*, 310 F.R.D. 523 (S.D. Fla. Sept. 15, 2015) (insurer did not make showing that the information it sought could not be obtained through less burdensome means than deposing co-chief executive officers of insured, where officers did not have any unique, non-repetitive firsthand knowledge about claims, and insurer had not yet deposed any other lesser-ranking employees).

With these principles in mind, the Court finds that the expedited Motion to Compel should be denied. As asserted by counsel on the record at the August 28, 2020 hearing, the approval of Office Depot's Board of Directors was not required for Office Depot to enter into a contract with Elementum due to the monetary value of the contract. By the same token, Office Depot stipulated that it would not argue that the Board relied on the slides—or the statements contained therein—in any way. Office Depot also stipulated that it would not call any of these members of the Board as witnesses.

Further, Office Depot's CEO, who will be deposed in this case, presented the allegedly fraudulent slides to the Board Members. Thus, the Court is hard-pressed to determine what "non-repetitive, first-hand knowledge" these seven witnesses *each* have to warrant requiring them to sit for depositions. With that said, the Court finds that Elementum will suffer no prejudice if it is not allowed to depose these members of the Board. The nature of the information to be obtained at the depositions is not particularly relevant or important, and it can be discovered through less intrusive

means, including the written discovery that has already been propounded by Elementum to Office Depot on this exact topic.

Upon weighing all of the aforementioned considerations against the substantial burden that the depositions would impose on Office Depot, the Court finds that it would be unduly burdensome to compel Office Depot to produce seven current and former members of its Board of Directors for depositions. In making this decision, the Court notes that the discovery cutoff date just passed on September 11, 2020.  Thus, significant logistical hurdles would have to be overcome by Office Depot—a large, multi-national corporation—to produce seven current and former Board Members with such short notice. The Court also notes that this case is set to proceed to a non-jury trial before the Honorable United States District Judge Raag Singhal. Thus, Elementum's purported need to "contextualize" the fraudulent slides by invoking the "aura of the Board" is diminished, as Judge Singhal is well-equipped to evaluate the statements made in the slides in the proper context.

Accordingly, it is hereby **ORDERED** that Elementum's Expedited Motion to Compel [DE 125] is **DENIED**.  It is further **ORDERED** that Office Depot's Motion to Compel [DE 106] is **GRANTED IN PART** and **DENIED IN PART** to the extent stated herein.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September 2020.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge